UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SIMONE R. COLEY,

    Plaintiff,

v.                                              Case No. 8:24-cv-1108-KKM-CPT

BANK OF AMERICA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before me on referral is pro se Plaintiff Simone R. Coley's amended *Application to Proceed in District Court Without Prepaying Fees or Costs* (Doc. 4), which I construe as a motion to proceed in forma pauperis (IFP Motion).[1] Also before me is Coley's complaint against Defendant Bank of America and Coley's later-filed addendum to that pleading. (Docs. 1, 5).[2] For the reasons discussed below, I respectfully recommend that Coley's IFP Motion be denied without prejudice and that her complaint be dismissed with leave to amend.

---

[1] Coley's original IFP Motion was denied because it was not verified and also did not contain enough information to support her claim of indigency. (Doc. 3).

[2] Coley refers to herself in her complaint and her addendum as "Rev. Simone R. Coley, Esq." (Docs. 1, 5) but suggests in her IFP Motion that she was a paralegal, not an attorney (Doc. 4).

I.

This action stems from Coley's application for a credit card with Bank of America. (Doc. 1). According to Coley, Bank of America denied her request in a letter, in which it falsely stated that a credit report revealed Coley had either filed for bankruptcy or intended to do so. *Id.* Coley avers that when she attempted to resolve this mistake, Bank of America did not respond to her overtures. *Id.* Coley further alleges that she was ultimately forced to take out a "payday" loan on unfavorable terms in lieu of obtaining a Bank of America credit card and that her credit score suffered as a result. *Id.* Averring that she is "emotionally fragile" due to being afflicted with a schizoaffective bipolar disorder, Cody additionally alleges that Bank of America's handling of the matter caused her to experience "extreme emotional distress." *Id.*

Based on these averments, Coley asserts state law causes of action for negligent infliction of emotional distress, intentional infliction of emotional distress, and "punitive damages." *Id.* For relief, Coley seeks monetary compensation totaling more than $250,000 and a punitive damages award of $10,000,0000. *Id.*

In her amended IFP Motion, Coley represents that she receives $2,170 in monthly disability payments, that she incurs approximately $2,500 in monthly expenses, and that she possesses only a nominal amount in cash. (Doc. 4). Coley also states that she has or will have to pay attorney's fees or other costs in conjunction with this lawsuit, although she claims not to know how much. *Id.*

2

II.

Pursuant to 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing of indigency by affidavit. 28 U.S.C. § 1915(a)(1). A district court has "wide discretion" to grant or deny an application to proceed in forma pauperis. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004) (per curiam) (citation omitted). While such an application need not evidence "that the litigant is absolutely destitute," it must indicate "that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." *Id.* at 1307 (internal quotation marks and citation omitted). In assessing whether a litigant is indigent, district "courts will generally look to whether [she] is employed, [her] annual salary, and any other property or assets [she] may possess." *Lesure v. Saul*, 2021 WL 2003458, at *1 (M.D. Fla. Mar. 31, 2021) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2021 WL 2003073 (M.D. Fla. May 19, 2021).

When an application to proceed in forma pauperis is filed, a district court must also review and dismiss the case sua sponte if it finds that the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, the Federal Rules of Civil Procedure provide that a district court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction."

3

Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (stating that all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party") (citation omitted). In evaluating a complaint under this framework, a district court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Jara v. Nunez*, 878 F.3d 1268, 1271–72 (11th Cir. 2018) (citation omitted). A district court, however, may not "afford [any] presumption of truth to legal conclusions and recitations of the basic elements of a cause of action." *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam) (citations omitted).

Finally, while pro se pleadings are to be construed liberally, district courts are not to "act as de facto counsel" for unrepresented litigants, nor are they to "rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

### III.

Irrespective of whether Coley qualifies as indigent for purposes of section 1915,[3] her complaint is deficient because, at a minimum, it is does not demonstrate that the Court has subject matter jurisdiction over the action, does not comply with the

---

[3] Coley's assertion that she has or will spend money for expenses or attorney's fees in pursuing this action (Doc. 4) gives me pause regarding her claim of indigency, as it could be read to suggest that she has the financial wherewithal to retain counsel. If Coley elects to renew her IFP motion, she should clarify this issue in that filing.

4

pleading standards set forth in Federal Rules of Civil Procedure 8 and 10, and fails to state a cognizable claim with respect to at least two of her three counts. Each of these defects will be addressed in turn.

A.

It is well settled that "'[f]ederal courts are courts of limited jurisdiction.'" *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (citation omitted); *see also Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 174–78 (1803) (discussing the jurisdictional limitations of federal courts under Article III of the United States Constitution). In practice, a federal court's subject matter jurisdiction is most often found "arising under" the laws of the United States pursuant to 28 U.S.C. § 1331 (i.e., federal question jurisdiction) or based upon the "diversity" of the parties under 28 U.S.C. § 1332 (i.e., diversity jurisdiction). *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Walker v. Sun Trust Bank of Thomasville, Ga.*, 363 F. App'x 11, 15 (11th Cir. 2010) (per curiam)[4] (citing 28 U.S.C. §§ 1331, 1332). Regardless of whether a plaintiff relies on federal question or diversity jurisdiction, she must include in her complaint a short and plain statement setting forth enough facts that, if true, show that a court has subject matter jurisdiction over her lawsuit. *See* Fed. R. Civ. P. 8(a)(1); *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268–69 (11th Cir. 2013) (citation omitted).

In this case, it is apparent that Coley wishes to invoke only the Court's diversity jurisdiction. To establish such jurisdiction, a plaintiff must demonstrate that there is

---

[4] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

complete diversity of citizenship among the parties (i.e., that no plaintiff is a citizen of the same state as any defendant), and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; *Underwriters at Lloyd's London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010); *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005). The citizenship of an individual in this context is determined by where she is "domicile[d]," which "requires [a showing of] both residence in a state *and* 'an intention to remain there indefinitely." *Travaglio*, 735 F.3d at 1269 (citations omitted) (emphasis added); *see also McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam) ("A person's domicile is the place of [her] true, fixed, and permanent home and principal establishment, and to which [she] has the intention of returning whenever [she] is absent therefrom.") (internal quotation marks and citation omitted). A party's residence is therefore not tantamount to her domicile. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence.").

Here, Coley avers only that she resides in Hillsborough County, Florida. (Doc. 1). This allegation is plainly inadequate. *See Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) ("Residency is necessary, but insufficient, to establish citizenship in a state.") (citation omitted); *Kalergis v. Home Depot USA, Inc.*, 2024 WL 1765586, at *1 (M.D. Fla. Apr. 24, 2024) (finding an allegation that the plaintiff was a "resident" of a county in Florida to be deficient for purposes of the diversity jurisdiction inquiry); *Davis v. Terrell*, 2024 WL 1419762, at *1 (M.D. Fla. Apr. 2, 2024)

6

(explaining that the plaintiff's allegations regarding the residency of the parties were wanting because the fact "[t]hat a party may be a resident of a certain state does not establish that state as his or her domicile"). Accordingly, Coley fails to demonstrate complete diversity of citizenship under section 1332.[5]

B.

In addition to being jurisdictionally infirm, Coley's complaint does not satisfy the strictures of Rules 8 and 10. Rule 8 directs, in relevant part, that a complaint contain "a short and plain statement of [a] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 relatedly instructs that a plaintiff "state [her] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and, if doing so would promote clarity, that she also state "each claim founded on a separate transaction or occurrence . . . in a separate count." Fed. R. Civ. P. 10(b). As the Eleventh Circuit has explained, Rules 8 and 10 "work together to require the pleader to present [her] claims discretely and succinctly, so that [her] adversary can discern what [she] is claiming and frame a responsive pleading, [and so that a] court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

---

[5] Coley asserts in the addendum to her complaint that Bank of America maintains its principal place of business in North Carolina. (Doc. 5). Regardless of whatever import this allegation may have to the Court's jurisdictional assessment, Coley must include such averments in her amended complaint if she elects to file one, not in an ancillary document. *Travaglio*, 735 F.3d at 1268–69.

7

In this case, Coley "re-alleges and incorporates by reference the preceding paragraphs" in each of the counts in her complaint. (Doc. 1). This type of drafting approach where every antecedent allegation is deemed to be included in the following count renders a complaint to be an impermissible shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015) (observing that "[t]he most common type of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."). The fact that Coley is proceeding pro se does not relieve her of the obligation of meeting the basic pleading requirements imposed by the Federal Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

C.

Along with the above flaws, Coley's claims for negligent infliction of emotional distress and for punitive damages are lacking as well.[6] While these shortcomings are not necessarily fatal to Coley's complaint, they nonetheless bear mentioning as part of the Court's section 1915 analysis.

In Florida, the tort of negligent infliction of emotional distress necessitates that a plaintiff make "different showings depending on whether [she] has suffered from a

---

[6] I offer no opinion as to the propriety of Coley's claim for intentional infliction of emotional distress. Given all the defects with Coley's complaint, an evaluation of that count is better left for another day.

8

physical impact." *Dixon v. Zham*, 2021 WL 7448132, at *4 (M.D. Fla. Mar. 12, 2021). Where such an impact is present, "Florida courts permit recovery for emotional distress stemming from the incident during which the impact occurred, and not merely the impact itself." *Eagle-Picher Indus., Inc. v. Cox*, 481 So. 2d 517, 526 (Fla. Dist. Ct. App. 1985) (citing *Gilliam v. Stewart*, 291 So. 2d 593 (Fla. 1974)); *see also Corbin v. Prummell*, 655 F. Supp. 3d 1143, 1167 (M.D. Fla. 2023) (explaining that to prevail on a negligent infliction of emotional distress claim under Florida law, a plaintiff generally "must show that the emotional distress flows from physical injuries sustained in an impact") (quoting *Elliot v. Elliot*, 58 So. 3d 878, 880 (Fla. Dist. Ct. App. 2011)); *Gonzalez v. Metro. Dade Cnty. Pub. Health Tr.*, 651 So. 2d 673, 674 (Fla. 1995) ("The 'impact doctrine' which evolved from the common law of England, requires that a plaintiff sustain actual physical impact in order to recover for the negligent infliction of emotional distress."). If a plaintiff has not experienced a physical impact, however, then "the complained-of mental distress must be manifested by physical injury, the plaintiff must be involved in the incident by seeing, hearing, or arriving on the scene as the traumatizing event occurs, and the plaintiff must suffer the complained-of mental distress and accompanying physical impairment within a short time of the incident." *Eagle-Picher Indus., Inc.*, 481 So. 2d at 526 (citing *Champion v. Gray*, 478 So. 2d 17, 19 (Fla. 1985)) (internal quotation marks omitted).

Here, as described above, Coley does not aver that she suffered emotional distress stemming from a physical injury incurred as a result of a physical impact. (Doc. 1); *see Corbin*, 655 F. Supp. 3d at 1167. Nor does she assert that her emotional

distress was "manifested by [a] physical injury." *Eagle-Picher Indus., Inc.*, 481 So. 2d at 526. Coley therefore fails to state a claim for negligent infliction of emotional distress under Florida law. *See Gerow v. Newsom*, 2024 WL 1929861, at *4 (M.D. Fla. May 2, 2024) (dismissing a claim for negligent infliction of emotional distress where the plaintiff did "not allege that he ha[d] suffered any impact or that his emotional distress [was] manifested by any physical injury," or that an "incident occurred in which a person closely related to [the p]laintiff was injured"); *Dixon*, 2021 WL 7448132, at *4 (finding a claim for negligent infliction of emotional distress to be inadequately pleaded where the plaintiff did "not allege[ ] that any sort of incident occurred where he either suffered a physical injury or that any type of mental distress has manifested a physical injury").

Coley's standalone count for punitive damages is likewise infirm. (Doc. 1). This is because such damages constitute a form of relief, not a cognizable cause of action. *See SE Prop. Holdings, LLC v. Welch*, 65 F.4th 1335, 1349 (11th Cir. 2023) (noting that "a claim for punitive damages is not a separate, freestanding cause of action," but a "*remedy* that can be sought based on any properly [pleaded] cause of action") (quoting *Soffer v. R.J. Reynolds Tobacco Co.*, 187 So. 3d 1219, 1229 (Fla. 2016)); *Santana-Benchettab v. Bank of America, N.A.*, 2020 WL 13389327, at *5 (M.D. Fla. Apr. 24, 2020) (denying a plaintiff's request "to add a separate count for punitive damages," which would "violate[ ] . . . well-established pleading rules") (citation omitted).

D.

Notwithstanding the above issues, I respectfully submit that the Court dismiss Coley's complaint without prejudice and with leave to amend, so that Coley has an opportunity to correct these problems. *See Emrit v. Sec'y, U.S. Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020) (per curiam) ("A plaintiff ordinarily should get one opportunity to amend [her] complaint before dismissal with prejudice.") (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)). If Coley wishes to file a revised complaint, however, I encourage her to seek legal assistance and to consult the resources available to pro se litigants in advance of doing so. Coley may obtain advice, for example, through the "Legal Information Program," in which the Tampa Bay Chapter of the Federal Bar Association offers unrepresented parties the chance to solicit and obtain free, limited guidance from attorneys on the procedures governing federal cases.

In addition, Coley may review the materials the Middle District of Florida makes available to pro se litigants, which includes a "Guide for Proceeding Without a Lawyer." The Court's website also contains helpful links to the Federal Rules of Civil Procedure, as well as to various forms for federal court litigants to use.

IV.

For the reasons set forth above, I respectfully recommend that the Court:

1. Deny Coley's IFP Motion (Doc. 4) without prejudice;

2. Dismiss Coley's complaint (Doc. 1) without prejudice;

3. Grant Coley leave to file, within thirty (30) days of the Court's Order, an amended complaint that adequately pleads one or more cognizable causes of action over which the Court has jurisdiction; and

4. Caution Coley that a failure to abide by this directive may result in the dismissal of her case without further notice.

Respectfully submitted this 11th day of September 2024.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Kathryn Kimball Mizelle, United States District Judge
Pro se Plaintiff